# EXHIBIT A



# Service of Process Transmittal

04/03/2018
CT Log Number 533078156

| | |
|---|---|
| **TO:** | Christopher Walker<br>LoanCare<br>3637 Sentara Way Ste 303<br>Virginia Beach, VA 23452-4262 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | LoanCare, LLC  (Domestic State: VA) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | 360 MORTGAGE GROUP, LLC, PLTF. vs. CASTLE MORTGAGE CORPORATION AND LOANCARE, LLC, DFTS. |
| **DOCUMENT(S) SERVED:** | Citation, Petition, Attachment |
| **COURT/AGENCY:** | TRAVIS COUNTY - DISTRICT COURT, TX<br>Case # D1GN18001510 |
| **NATURE OF ACTION:** | ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/03/2018 postmarked on 03/27/2018 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | At or Before 10:00 a.m. on the Monday next after the expiration of 20 days (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | JASON WILLIS SNELL<br>THE SNELL LAW FIRM, P.L.L.C.<br>Chase Tower<br>221 W. 6th Street, Suite 900<br>Austin, TX 78701<br>512-477-5291 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/03/2018, Expected Purge Date: 04/08/2018<br><br>Image SOP<br><br>Email Notification,  Febronia Christ N'Dri  Febronia.ChristN'Dri@loancare.net<br><br>Email Notification,  Venise Brunson  Venise.Brunson@loancare.net<br><br>Email Notification,  Christopher Walker  Christopher.Walker@loancare.net<br><br>Email Notification,  Title Claims  titleclaims@fnf.com<br><br>Email Notification,  Lydie Sop  lydie.sop@loancare.net<br><br>Email Notification,  Ashley Phillips  ashley.phillips@loancare.net |

Page 1 of  2 / PK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



# Service of Process Transmittal
04/03/2018
CT Log Number 533078156

**TO:** Christopher Walker
LoanCare
3637 Sentara Way Ste 303
Virginia Beach, VA 23452-4262

**RE:** **Process Served in Texas**

**FOR:** LoanCare, LLC  (Domestic State: VA)

Email Notification,  Katrina Blakely  katrina.blakely@loancare.net

Email Notification,  Justin Pierce  justin.pierce@loancare.net

**SIGNED:** C T Corporation System
**ADDRESS:** 1999 Bryan Street
Suite 900
Dallas, TX 75201
**TELEPHONE:** 214-932-3601

Page 2 of  2 / PK

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**DRLS**
516 West
Austin, Te



7017 1070 0000 9557 1749

Loancare, LLC c/o Its Registered
Agent, C.T. Corporation System
1999 Bryan Street #900
Dallas, Texas 75201

C I T A T I O N

T H E   S T A T E   O F   T E X A S

**CAUSE NO. D-1-GN-18-001510**

360 MORTGAGE GROUP, LLC
, Plaintiff
   vs.
CASTLE MORTGAGE CORPORATION AND LOANCARE, LLC
, Defendant

TO: LOANCARE, LLC
    BY SERVING ITS REGISTERED AGENT
    CT CORPORATION SYSTEM
    1999 BRYAN STREET STE 900
    DALLAS, TEXAS 75201

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED.** You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE of the PLAINTIFF in the above styled and numbered cause, which was filed on MARCH 26, 2018 in the 200TH JUDICIAL DISTRICT COURT of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, March 27, 2018.

REQUESTED BY:
JASON WILLIS SNELL
221 W 6TH STREET, STE. 900
AUSTIN, TX 78701
BUSINESS PHONE:(512)477-5291   FAX:(512)477-5294



Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: HAMILTON LYNDA SELINA

-- - -- - -- - -- - -- - -- R E T U R N -- - -- - -- - -- - -- - --

Came to hand on the 27 day of March, 2018 at 11:37 o'clock A.M., and executed at _____ within the County of _____
_____ on the ____ day of _____, _____, at _____ o'clock ____ M.,
by delivering to the within named _____, each in person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

____ day of _____, _____.

_____
Notary Public, THE STATE OF TEXAS

_____
Sheriff / Constable / Authorized Person

By: U.S.P.S. #7017-1070-0000-9557-1749
mailed on 3-27-2018 RRR
Printed Name of Server

_____ County, Texas

D-1-GN-18-001510                               SERVICE FEE NOT PAID                         P01 - 000062958
☐ Original      ☐ Service Copy

3/26/2018 5:02 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-18-001510
Selina Hamilton

CAUSE NO. D-1-GN-18-001510

| | | |
|---|---|---|
| 360 MORTGAGE GROUP, LLC, | § | IN THE DISTRICT COURT |
| *Plaintiff,* | § | |
| v. | § | |
| | § | OF TRAVIS COUNTY, TEXAS |
| CASTLE MORTGAGE CORPORATION | § | |
| and LOANCARE, LLC, | § | |
| *Defendants.* | § | 200TH JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURE

Plaintiff 360 Mortgage Group, LLC files its Original Petition with Request for Disclosure against Defendants Castle Mortgage Corporation and LoanCare, LLC. In support of its petition, 360 Mortgage, LLC would respectfully show the following:

### I. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 3 of Rule 190 of the Texas Rules of Civil Procedure and affirmatively pleads this suit is not governed by the expedited actions process in Texas Rule of Civil Procedure 169 because Plaintiff seeks monetary relief over $100,000.00.

### II. CLAIM FOR RELIEF

2. Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

### III. VENUE AND JURISDICTION

3. Venue is proper in Travis County, Texas because all or a substantial part of the events or omissions giving rise to the claims occurred in Travis County, Texas. This Court has personal and subject matter jurisdiction in this lawsuit, and the relief sought is within the jurisdictional limits of this Court.

## IV. PARTIES

4.  Plaintiff 360 Mortgage Group, LLC ("Plaintiff" or "360 Mortgage") is a foreign limited liability company with its principal place of business in Austin, Travis County, Texas.

5.  Defendant Castle Mortgage Corporation ("Castle Mortgage") is a foreign corporation with its principal place of business in San Diego, California. Castle Mortgage can be served by serving its registered agent, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company at 211 E. 7th Street, Suite 620, Austin, TX 78701-3136.

6.  LoanCare, LLC ("LoanCare") is a foreign limited liability company with its principal place of business in Jacksonville, Florida. LoanCare can be served by serving its registered agent CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, TX 75201-3616.

7.  Collectively, when appropriate, Castle Mortgage and LoanCare are referred to herein as "Defendants."

## V. CONDITIONS PRECEDENT

8.  Plaintiff would show that all conditions precedent have been performed or have been waived.

## VI. FACTS

### A.   360 Mortgage - An Industry Leader

9.  360 Mortgage is a privately-owned mortgage bank, founded in 2007. 360 Mortgage actively participates in the wholesale, correspondent, retail and co-issue sectors of the residential mortgage industry. Based in Austin, Texas, the company is a direct Fannie Mae and Freddie Mac seller/servicer. Additionally, 360 Mortgage is a Ginnie Mae Issuer. These three agency relationships permit 360 Mortgage to offer the full suite of industry available products.

10. 360 Mortgage is cutting-edge and ahead-of-the-game. 360 Mortgage's one-touch automated processes, status notifications, and loan tracking make doing business with 360 Mortgage a breeze. 360 Mortgage's exclusive technology platform is often credited as an industry leading solution for mortgage brokers and correspondent lenders.

11. On top of that, the mortgage operations staff at 360 Mortgage utilize a state-of-the-art paperless technology, which encompasses all departments from origination through securitization. The company digitally retains all paperwork and does not use paper except at the signing table with the borrower. All documents are shredded and the raw paper recycled to keep the process as environmentally friendly as possible.

12. While the majority of mortgage banks act as an interim servicing lender, buying and immediately reselling mortgage loans, 360 Mortgage is an aggregator of servicing rights. 360 Mortgage retains servicing on 99.9% of its mortgages - meaning loans sold and brokered to 360 Mortgage are serviced by 360 Mortgage.

13. In sum, 360 Mortgage prides itself on exemplary customer service and reliable, efficient, and accurate systems.

**B.   Castle Mortgage**

14. Castle Mortgage operates as a mortgage banking company that originates, pools, securitizes, and services residential mortgage products in the United States in direct competition to 360 Mortgage. Castle Mortgage is a multi-million dollar net worth business which has issued publicly traded mortgage backed securities in excess of one billion dollars. Castle Mortgage is a GNMA approved issuer meaning it has the ability to issue government guaranteed securities.

**C.   LoanCare**

15. LoanCare is a national provider of full-service residential servicing to the mortgage industry. LoanCare is currently one of the largest mortgage loan servicers in the industry whose primary business is the acquisition, servicing and transfer of mortgage loans.

**D.     The Mortgage Servicing Rights Purchase and Sale Agreement**

16. On or about May 31, 2017, 360 Mortgage and Castle Mortgage entered into a Mortgage Servicing Rights Purchase and Sale Agreement ("the Agreement"). Pursuant to the Agreement, 360 Mortgage agreed to purchase, and Castle Mortgage agreed to sell, the mortgage servicing rights to hundreds of residential mortgages that were pooled into what is known in the industry as "GNMA pools." (Simply stated, a GNMA pool is a group or combination of similar mortgages.) For many good reasons, especially since the financial crash in 2008, very strict rules exist governing mortgage pools.

**E.     The Vargas Loan**

17. One of the loans in the GNMA pools purchased by 360 Mortgage, and sold by Castle Mortgage, was "the Vargas Loan."

18. Despite representations and warranties by Castle Mortgage and LoanCare otherwise, unbeknownst to 360 Mortgage, the Vargas Loan was not serviced by Castle Mortgage and LoanCare in accordance with the standards and procedures governing mortgage pools as required by GNMA. The Vargas loan was modified by LoanCare in March 2017, with the first payment due under the modification on April 1, 2017. This meant the Vargas Loan was "non-conforming" and that Castle Mortgage should have purchased the Vargas Loan from the pool at the time of the modification - well before 360 Mortgage's purchase of the pools, including the Vargas Loan.

19. In July 2017, LoanCare informed 360 Mortgage that on April 18, 2017, it had demanded Castle Mortgage provide funds to purchase the Vargas loan from its pool due to its modification.

20. On September 27, 2017, Castle Mortgage admitted the Vargas Loan should have been purchased from the pool. Below is one of the emails from Castle Mortgage to this effect:

```
Bcc:
Date: Wed, 27 Sep 2017 11:55:39 +0000
Subject: Re: Update
Norton-

We agree that this loan should have been bought out of the pool.

Don Kalescky, CMB
Castle Mortgage
10251 Vista Sorrento Parkway, Suite 225
San Diego, CA 92121
```

21. Despite this recognition by Castle Mortgage and LoanCare that the Vargas Loan should have been re-purchased from its pool prior to the Agreement, despite demand, Castle Mortgage and LoanCare failed and refused to re-purchase the Vargas Loan from, first, its pool, then, second, 360 Mortgage.

22. As to LoanCare, despite its knowledge and demand that Castle Mortgage provide it with funds to purchase the Vargas Loan from the pool, LoanCare continued to service the Vargas Loan per its original note terms, and not per the terms of LoanCare's modification of the Vargas Loan. In fact, at the time of the transfer of the Vargas Loan to 360 Mortgage on July 15, 2017, known to LoanCare and unknown to 360 Mortgage, the Vargas Loan was still reflected on LoanCare's books and records with its original note terms, and not on its modified terms. More to that point, on April 1, 2017, LoanCare had placed the Vargas Loan payment on April 1, 2017 into "suspense" because it was less than the original payment amount.

23. In sum, LoanCare knowingly transferred the Vargas Loan to 360 Mortgage with incorrect loan data. To this point, pursuant to the Agreement, LoanCare sent a "data tape" to 360

Mortgage with incorrect loan data with respect to the Vargas Loan. LoanCare knew 360 Mortgage was relying on the accuracy of LoanCare's mortgage data, including the information on the data tape. LoanCare knowingly transferred the Vargas Loan to 360 Mortgage with the full knowledge that the Vargas Loan should been a Castle Mortgage-owned loan for Castle Mortgage to potentially re-pool using the modified terms.

24. As a result of this improper transfer, and the failure and refusal of Castle Mortgage and LoanCare to purchase the Vargas Loan from its pool prior to the pool's transfer to 360 Mortgage, 360 Mortgage has been unable to service the Vargas Loan in accordance with its modified terms.

25. As a result of the foregoing, 360 Mortgage, at great cost to 360 Mortgage, was required to purchase the Vargas Loan from its GNMA pool and update its market service platform to reflect the loan's modified terms to bring the Vargas Loan into compliance. 360 Mortgage is now carrying the Vargas Loan.

## VII. CAUSES OF ACTION

### CLAIM AGAINST CASTLE MORTGAGE
(Declaratory Judgment)

26. 360 Mortgage repeats, reiterates, and realleges all of the foregoing paragraphs of this pleading with the same force and effect as if set forth at length herein.

27. A justiciable controversy exists as to the rights, obligations, and status of the parties under the Agreement. Accordingly, 360 Mortgage seeks and is entitled to a judicial declaration pursuant to §37.001, *et seq.*, of the TEXAS CIVIL PRACTICE & REMEDIES CODE that Castle Mortgage breached the Agreement by (1) failing and refusing to re-purchase the Vargas Loan, and (2) failing and refusing to service the Vargas Loan in accordance with applicable standards.

28. As such, Castle Mortgage is in breach of various covenants, representations, and warranties set forth in the Agreement, and 360 Mortgage seeks a judicial declaration reflecting same.

29. 360 Mortgage also seeks recovery of its attorneys' fees pursuant to §37.001, *et seq.*, of the TEXAS CIVIL PRACTICE & REMEDIES CODE.

## CLAIM AS AGAINST CASTLE MORTGAGE
### (Breach of Contract)

30. 360 Mortgage repeats, reiterates, and realleges all of the foregoing paragraphs of this pleading with the same force and effect as if set forth at length herein.

31. The Agreement is a valid, enforceable agreement between 360 Mortgage and Castle Mortgage. 360 Mortgage performed all of its obligations under the Agreement.

32. As set forth in the foregoing, Castle Mortgage has breached the Agreement and 360 Mortgage brings this claim to recover its damages.

33. 360 Mortgage is thus entitled to recover its reasonable and necessary attorneys' fees pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §38.001. 360 Mortgage also seeks and is entitled to recover all interest on unpaid amounts and costs of court.

## CLAIM AGAINST CASTLE MORTGAGE AND LOANCARE
### (Fraud)

34. 360 Mortgage repeats, reiterates, and realleges all of the foregoing paragraphs of this pleading with the same force and effect as if set forth at length herein.

35. Castle Mortgage and LoanCare have committed common law fraud.

36. Castle Mortgage and LoanCare made multiple separate false material representations to 360 Mortgage concerning the Vargas Loan with the intent that 360 Mortgage act and rely on the representations. When they made the representations, Castle Mortgage and LoanCare either

knew the representations were false or made them recklessly, as a positive assertion, and without knowledge of their truth. 360 Mortgage did in fact rely on the representations in choosing to enter into the Agreement, causing injury.

37. 360 Mortgage seeks from Castle Mortgage and LoanCare all of its actual damages resulting from Defendants' fraud, as well as exemplary damages.

### CLAIM AGAINST CASTLE MORTGAGE AND LOANCARE
### (Fraud in the Inducement)

38. 360 Mortgage repeats, reiterates, and realleges all of the foregoing paragraphs of this pleading with the same force and effect as if set forth at length herein.

39. Castle Mortgage and LoanCare made material misrepresentations of fact in order to induce 360 Mortgage to enter into the Agreement. Without the false assurances from Castle Mortgage and LoanCare, 360 Mortgage would not have entered into the Agreement. Castle Mortgage and LoanCare knew said representations were false and knew that 360 Mortgage relied upon such false representations, said conduct amounting to fraud in the inducement.

40. 360 Mortgage seeks from Castle Mortgage and LoanCare all of its actual damages resulting from Defendants' fraud in the inducement, as well as exemplary damages.

### CLAIM AGAINST CASTLE MORTGAGE AND LOANCARE
### (Negligent Misrepresentation)

41. 360 Mortgage repeats, reiterates, and realleges all of the foregoing paragraphs of this pleading with the same force and effect as if set forth at length herein.

42. Defendants are guilty of negligent misrepresentation. Defendants made representations to 360 Mortgage in a transaction in which they had an interest. Defendants supplied false information for the guidance of 360 Mortgage and did not exercise reasonable care or

competence in obtaining or communicating the information. 360 Mortgage justifiably relied on the representations, which proximately caused 360 Mortgage injury.

### CLAIM AGAINST LOANCARE
### (Negligence)

43. 360 Mortgage repeats, reiterates, and realleges all of the foregoing paragraphs of this pleading with the same force and effect as if set forth at length herein.

44. LoanCare owed a legal duty of care to 360 Mortgage but breached that duty by (1) negligently failing to disclose the true nature and material terms of the Vargas Loan, as modified; (2) negligently failing to disclose material information within its knowledge concerning problems with the Vargas Loan, including its non-conforming status; and (3) negligently undertaking the process of transferring accurate and complete data to 360 Mortgage concerning the Vargas Loan.

45. These breaches of duty proximately caused Plaintiff's injury.

### CLAIM AGAINST CASTLE MORTGAGE AND LOANCARE
### (Conspiracy)

46. 360 Mortgage repeats, reiterates, and realleges all of the foregoing paragraphs of this pleading with the same force and effect as if set forth at length herein.

47. Both Defendants were members of a combination of one or more persons whose object was to accomplish an unlawful purpose or a lawful purpose by unlawful means. Defendants were members of a conspiracy to commit or cause to happen the allegations set forth above.

### VIII.   REQUEST FOR DISCLOSURE

48. Under Texas Rule of Civil Procedure 194, Plaintiff requests that Defendants disclose, within 50 days of the service of this request, the information and material described in Rule 194.2.

## IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of this case, the Court declare the rights and liabilities under the Agreement. Plaintiff additionally respectfully prays that upon a final hearing of this case, judgment be entered for Plaintiff against Defendants for damages in an amount within the jurisdictional limits of the Court, including, but not limited to, actual damages, pre-judgment interest at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, attorneys' fees, exemplary damages, and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE SNELL LAW FIRM, P.L.L.C.

BY:    */s/ Jason W. Snell*
        JASON W. SNELL
        Bar No. 24013540
        JOHN ROBERT SKRABANEK
        Bar No. 24070631
        W. LANCE CAWTHON
        Bar No. 24006979
        Chase Tower
        221 W. 6th Street, Suite 900
        Austin, Texas 78701
        (512) 477-5291 – Telephone
        (512) 477-5294 – Fax
        firm@snellfirm.com – Email

        ATTORNEYS FOR PLAINTIFF

**THE LAWYER REFERRAL SERVICE OF CENTRAL TEXAS**
A Non-Profit Corporation

---

# IF YOU NEED A LAWYER AND DON'T KNOW ONE, THE LAWYER REFERRAL SERVICE CAN HELP

## 512-472-8303
866-303-8303 (toll free)
www.AustinLRS.org

Weekdays 8:00 am to 4:30 pm
$20.00 for first half hour attorney consultation
(free consultations for personal injury, malpractice, worker's compensation, bankruptcy, and social security disability)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303

---

# SI USTED NECESITA EL CONSEJO DE UN ABOGADO Y NO CONOCE A NINGUNO PUEDE LLAMAR A LA REFERENCIA DE ABOGADOS

## 512-472-8303
866-303-8303 (llame gratis)
www.AustinLRS.org

Abierto de lunes a viernes de 8:00 am-4:30 pm
$20.00 por la primera media hora de consulta con un abogado
(la consulta es gratis si se trata de daño personal, negligencia, indemnización al trabajador, bancarrota o por incapacidad del Seguro Social)

This service is certified as a lawyer referral service as required by the State of Texas under Chapter 952, Occupations Code. Certificate No. 9303