# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **360 MORTGAGE GRP, LLC** | § | |
| | § | |
| **v.** | § | **1:18-CV-332 RP** |
| | § | |
| **LOANCARE LLC, et al.** | § | |

## ORDER

Before the Court is Defendant LoanCare LLC's Motion for Protective Order (Dkt. No. 22), 360 Mortgage's Response (Dkt. No. 25), and LoanCare LLC's Reply (Dkt. No. 26). On October 9, 2018, the District Court referred the above motion to the undersigned for a determination pursuant to 28 U.S.C. § 636(b)(1)(A), Rule 72, and Rule 1(c) of Appendix C of the Local Rules.

### I. General Background

On March 26, 2018, 360 Mortgage Group, LLC filed this suit against LoanCare and Castle Mortgage Corp. in Travis County District Court. The case was removed to this Court on April 23, 2018, based on diversity of citizenship. Dkt. No. 1. 360 Mortgage alleges that Castle Mortgage breached a contract between the two parties, and also alleges that both Castle Mortgage and LoanCare defrauded it in relation to the handling of a particular loan that was part of a loan pool acquired by 360 Mortgage. It brings a declaratory judgment and breach of contract claim against Castle Mortgage, and it brings fraud, fraudulent inducement, negligent misrepresentation, negligence, and conspiracy claims against Castle Mortgage and LoanCare.

Shortly after removal, LoanCare filed a motion to dismiss the claims against it under Rule 12(b)(6). In the present motion it requests that the Court stay discovery against it until the Rule 12 motion is resolved. It contends there is a high likelihood that its Rule 12 motion will be granted, and that all claims against it will be dismissed.

II. Analysis

LoanCare requests that the Court stay discovery because the resolution of its motion to dismiss "may obviate the need for any discovery or will at least narrow the issues and allow the parties to pursue discovery in a more targeted fashion." Dkt. No. 22-1 at 2-3. Under Rule 26(c), "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." FED. R. CIV. P. 26(c)(1). To show "good cause" under Rule 26, the party seeking a stay of discovery must "show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (quoting *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978)). The Court has broad discretion in determining whether to grant a motion for a protective order or stay of discovery. *Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 436 (5th Cir.), *cert. denied*, 498 U.S. 895 (1990).

LoanCare has failed to show "good cause" to stay discovery in this case. While, in theory, a court may find good cause to stay discovery when there is a pending 12(b)(6) motion, in practice such stays are very rare, and almost never wise. *Glazer's Wholesale Drug Co., Inc. v. Klein Foods, Inc.*, 2008 WL 2930482, at * 1 (N.D. Tex. July 23, 2008) (such stays are "the exception rather than the rule"); *Von Drake v. Nat'l Broad. Co.*, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) ("While discovery may be stayed pending the outcome of a motion to dismiss, 'the issuance of stay is by no means automatic.'"). As one district judge has noted, "[h]ad the Federal Rules contemplated that a motion to dismiss under FED. R. CIV. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect. In fact, such a notion is directly at odds with the need for

expeditious resolution of litigation." *Gray v. First Winthrop Corp.*, 133 F.R.D. 39, 40 (N.D. Cal. 1990).

There are of course exceptions to these general rules, but they apply to cases in which, for example, the motion to dismiss raises a serious legal question or factual deficiency that has a reasonably high likelihood of resulting in the dismissal of the case. Notwithstanding LoanCare's view of its motion to dismiss, this is not such a case. Accordingly, LoanCare's Motion for a Protective Order Staying Discovery (Dkt. No. 22) is **DENIED**.

SIGNED this 30th day of November, 2018.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE