IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| 360 MORTGAGE GROUP, LLC, | § | |
| Plaintiff, | § § § | |
| v. | § § | 1:18-CV-332-RP |
| CASTLE MORTGAGE CORPORATION and LOANCARE, LLC, | § § § § | |
| Defendants. | § § | |

**ORDER**

Before the Court is Defendant LoanCare, LLC's ("LoanCare") Motion to Dismiss Plaintiff 360 Mortgage Group, LLC's ("360") claims against it. (Mot., Dkt. 8). Having considered the parties' submissions, the record, and the applicable law, the Court will grant the motion.

**I. BACKGROUND**

This case arises out of a contract for mortgage servicing rights. 360 is a privately owned mortgage bank approved to issue government-guaranteed securities. (Compl., Dkt. 1-1, ¶ 9). Defendant Castle Mortgage Corporation ("Castle") is a mortgage banking company that also issues government-guaranteed securities. (*Id.* ¶ 14). The mortgages relevant to this case back securities guaranteed by the Government National Mortgage Association ("GNMA"). LoanCare is a mortgage loan servicer. (*Id.* ¶ 15).

In May 2017, 360 and Castle entered into a Mortgage Servicing Rights Purchase and Sale Agreement ("PSA"), whereby 360 agreed to purchase from Castle the rights to service hundreds of loans grouped into a "GNMA pool." (Compl., Dkt. 1-1, ¶ 16). Castle and LoanCare, meanwhile, were parties to a preexisting Subservicing Agreement ("SSA"), whereby LoanCare agreed to service some of Castle's loans. (Mot., Dkt. 8-1, at 3 n.1). LoanCare is not a party to the PSA. (*Id.* at 2).

1

One of the loans in the GNMA pool covered by the PSA is the Vargas Loan. (Compl., Dkt. 1-1, ¶ 17). 360 alleges that LoanCare modified the Vargas Loan in March 2017 in such a way as to render it "non-conforming" under GNMA's regulations. (*Id.* ¶ 18). The Vargas Loan was transferred to 360 in July 2017. (*Id.* ¶ 22). 360 claims that because the Vargas loan was non-conforming, Castle was required to purchase it out of the GNMA pool at the time it was modified: March 2017. (*Id.*). Castle did not do so, and 360 was therefore required to purchase the Vargas Loan from the GNMA pool and restore its compliance with GNMA's regulations. (*Id.* ¶ 25; Resp., Dkt. 10, at 5). 360 alleges that LoanCare knew the Vargas Loan had become non-conforming; that it nevertheless continued to service the Vargas Loan on its original (not modified) terms until it was transferred to 360; and that LoanCare knowingly transferred the Vargas Loan to 360 with incorrect data on which it knew 360 relied. (*Id.* ¶¶ 21–23).

Based on these allegations, 360 asserts several causes of action against LoanCare: (1) fraud, (2) fraud in the inducement, (3) negligent misrepresentation, (4) negligence, and (5) conspiracy. (Compl., Dkt. 1-1, at 12–14). LoanCare has moved to dismiss each of these claims against it under Federal Rule of Civil Procedure 12(b)(6). (Mot., Dkt. 8).

## II. LEGAL STANDARD

Pursuant to Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a 12(b)(6) motion, a "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.,* 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted). Because the court reviews only the well-pleaded facts in the complaint, it may not consider new factual allegations made outside the complaint. *Id.* "[A] motion to dismiss under 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (quoting *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).

### III. DISCUSSION

LoanCare argues that (1) 360's fraud, negligent misrepresentation, negligence, and conspiracy claims are barred by the economic loss rule; (2) 360's fraudulent inducement claim fails because LoanCare and 360 are not in contractual privity; and (3) 360's fraud, fraudulent inducement, and conspiracy claims should be dismissed for the independent reason that they do not satisfy the heightened pleading standard under Federal Rule of Civil Procedure 9(b). (Mot., Dkt. 8-1, at 5–12). The Court addresses each argument in turn.

A. The Economic Loss Rule

"The economic loss rule generally precludes recovery in tort for economic losses resulting from a party's failure to perform under a contract when the harm consists only of the economic loss of a contractual expectancy." *Chapman Custom Homes, Inc. v. Dall. Plumbing Co.*, 445 S.W.3d 716, 718 (Tex. 2014). Texas courts routinely apply the economic loss rule to bar tort claims between parties who are not in contractual privity. *See, e.g.*, *Hou-Tex, Inc. v. Landmark Graphics*, 26 S.W.3d 103, 106–07 (Tex. App. Houston [14th Dist.] 2000, no pet.); *Hininger v. Case Corp.*, 23 F.3d 124, 126–27 (5th Cir. 1994). However, the Texas Supreme Court has cautioned that "[t]he economic loss rule does not swallow all claims between contractual and commercial strangers." *Sharyland Water Supply Corp. v. City of Alton*, 354 S.W.3d 407, 419 (Tex. 2011). When a party states a tort claim arising from (1) an alleged breach of an independent duty (i.e. one not arising from the contract), and (2) the harm suffered is not merely the economic loss of a contractual benefit, the economic loss rule does not apply. *Chapman*, 445 S.W.3d at 718. Thus, what matters in determining whether the economic loss rule applies are the source of the duty allegedly breached and the nature of the injury. *Formosa Plastics Corp. United States v. Presidio Eng'rs & Contrs.*, 960 S.W.2d 41, 45 (Tex. 1998).

360's claims arise from the alleged breach of the PSA between it and Castle. Although LoanCare is not a party to the PSA, 360 argues that LoanCare still owed it an independent legal duty under GNMA's regulations. (Resp., Dkt. 10, at 5). LoanCare counters that 360 failed to plead any facts supporting its argument that LoanCare owed it an independent duty. (Mot., Dkt. 8-1, at 8). The Court agrees.

In its complaint, 360 states that "very strict rules exist governing mortgage pools"—presumably in reference to the GNMA pools described in that paragraph—but does not state that these rules create an independent legal duty, or to whom such a duty applies. (*See* Compl., Dkt. 1-1, ¶ 16). The first time 360 asserts that these "strict rules" create an independent legal duty is in its

4

response to LoanCare's motion. (*See* Resp., Dkt. 10, at 5). Although the Court must take the non-movant's well-pleaded facts as true in resolving a motion to dismiss, the Court reviews only the well-pleaded facts in the complaint; it may not consider new factual allegations made outside the complaint. *Dorsey*, 540 F.3d at 338 (citations and internal quotation marks omitted); *Associated Gen. Contractors v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983) (in ruling on a 12(b)(6) motion, it is improper for courts to assume as true facts a plaintiff has not alleged). 360 does not plead in its complaint that GNMA's regulations create an independent duty owed by LoanCare to 360. Nor does 360 point to any other source allegedly establishing such a duty.

Accordingly, the Court finds that 360 has not plausibly pleaded that LoanCare owes it an independent legal duty. Because the existence of an independent legal duty is necessary to prevent the application of the economic loss rule, the Court concludes that the economic loss rule applies to 360's fraud, negligent misrepresentation, negligence, and conspiracy claims against LoanCare. Those claims must therefore be dismissed.

### B. Contractual Privity for Fraudulent Inducement Claims

With respect to 360's fraudulent inducement claim, LoanCare argues that it should be dismissed because under Texas law, fraudulent inducement claims require the parties to have entered into a contract. (Mot., Dkt. 8-1, at 9 (citing *Total Rx Care, LLC v. Great N. Ins. Co.*, No. 3:16-CV-2965-B, 2017 U.S. Dist. LEXIS 110882, at *12 (N.D. Tex. July 17, 2017))). 360 does not plead that it entered into a contract with LoanCare; rather, 360 argues that its fraudulent inducement claim may be brought because LoanCare is Castle's agent. (Resp., Dkt. 10, at 7). 360 concedes, however, that it did not plead that LoanCare and Castle are in an agency relationship—instead, 360 asserts that "[t]he Court may reasonably infer from 360 Mortgage's pleading that LoanCare acted as Castle Mortgage's agent in reference to the Vargas Loan pursuant to the Subservicing Agreement." (*Id.*).

5

The complaint, however, makes no mention of the SSA, its terms and obligations, or the nature of the relationship between Castle and LoanCare. (*See* Compl., Dkt. 1-1). Although the Court may reasonably infer from the facts pleaded that there is *some* relationship between Castle and LoanCare, it cannot infer that this relationship constitutes an agency relationship, let alone with respect to the Vargas Loan. *See Davidson v. AT&T Mobility, LLC*, No. 3:17-CV-0006-D, 2018 U.S. Dist. LEXIS 46199, at *23 (N.D. Tex. Mar. 21, 2018) (Texas law does not presume agency, and, when claiming agency, the alleging party has the burden of proving its existence) (citing *Buchoz v. Klein*, 184 S.W.2d 271 (Tex. 1944)).

The Court therefore finds that 360 has failed to adequately plead its fraudulent inducement claim against LoanCare. This claim must also be dismissed.

### C. Rule 9(b)

LoanCare also argues that 360's fraud, fraudulent inducement, and conspiracy claims must be dismissed for the independent reason that they fail to meet the requirements for pleading under Federal Rule of Civil Procedure 9(b). (Mot., Dkt. 8-1, at 10). "At a minimum, Rule 9(b) requires allegations of the particulars of time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." *Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 723–24 (5th Cir. 2003) (quoting *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1139 (5th Cir. 1992)). That is, "Rule 9(b) requires 'the who, what, when, where, and how' to be laid out." *Id.* (quoting *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 179 (5th Cir. 1997)).

According to LoanCare, 360's allegations that LoanCare made "multiple separate false material misrepresentations to 360 Mortgage" lack the requisite specificity required by Rule 9(b). (Mot., Dkt. 8-1, at 11; *see* Compl., Dkt. 1-1, ¶¶ 36, 39). 360 does not dispute that Rule 9(b) applies to its fraud, fraudulent inducement, and conspiracy claims. Instead, 360 argues that in some contexts,

6

Rule 9(b) is relaxed, requiring only "simple, concise, and direct allegations of the circumstances constituting fraud." (Resp., Dkt. 10, at 8 (quoting *Unites States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 188 (5th Cir. 2009))). 360's cited case, however, is inapposite. It addresses Rule 9(b) pleading requirements for claims brought under the False Claims Act, and the Fifth Circuit was careful to note that "a claim under the False Claims Act and a claim under common law or securities fraud are not on the same plane in meeting the requirement of stating with particularity the contents of the fraudulent misrepresentation." *Grubbs*, 565 F.3d at 189. 360 brings its claims under Texas common law, not the False Claims Act. Accordingly, the general rule that a plaintiff must plead "the who, what, when, where, and how" applies. *Williams*, 112 F.3d at 179. 360 has failed to plead its fraud, fraud in the inducement, and conspiracy claims with this level of specificity. Therefore, these claims must also be dismissed on this basis.

### D. Leave to Amend

Finally, 360 requests leave to amend its complaint "should the Court find any material deficiency in the allegations of its original state court petition." (Resp., Dkt. 10, at 8). Although Federal Rule of Civil Procedure 15(a)(2) permits a court to grant leave to amend pleadings and "evinces a bias in favor of granting leave to amend, it is not automatic." *Matter of Southmark Corp.*, 88 F.3d 311, 314 (5th Cir. 1996) (internal quotation marks and citations omitted). "A formal motion is not always required," but the requesting party must nevertheless "set forth with particularity the grounds for the amendment and the relief sought." *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). "[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought, *cf.* Fed.R.Civ.P. 7(b)—does not constitute a motion within the contemplation of Rule 15(a)." *Id.* (quoting *Confederate Mem'l Ass'n, Inc. v. Hines,* 995 F.2d 295, 299 (D.C.Cir. 1993)). Thus, whether in a formal motion or in an opposition to a motion to dismiss, when a plaintiff fails to indicate what

7

might be added to the complaint if amendment were allowed, a district court may dismiss the cause of action with prejudice. *See Joseph v. Bach & Wasserman, L.L.C.*, 487 F. App'x 173, 178 (5th Cir. 2012).

360's request for leave to amend is one sentence in its opposition to LoanCare's motion to dismiss. 360 requests leave to amend "should the Court find any material deficiency in the allegations." (Resp., Dkt. 10, at 8). This "bare" request does not indicate what 360 would add to the complaint to cure its deficiencies or set forth "with particularity" the grounds for amendment. The Court therefore finds that 360's request should be denied.

## IV. CONCLUSION

For these reasons, the Court **GRANTS** Defendant Loan Care's motion to dismiss. (Dkt. 8). Plaintiff 360's claims against LoanCare are **DISMISSED WITH PREJUDICE**.

**SIGNED** on March 8, 2019.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE