# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| 360 MORTGAGE GROUP, LLC | § | |
| | § | |
| VS. | § | 1:18-CV-00332-RP |
| | § | |
| CASTLE MORTGAGE CORPORATION | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant's Motion to Compel Arbitration (Dkt. No. 31); Plaintiff's Response (which includes a motion to compel production of document) (Dkt. No. 32); and Defendant's Reply (Dkt. No. 37). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules.

## I. GENERAL BACKGROUND

This is a contract dispute between two mortgage finance companies, Castle Mortgage Corporation and 360 Mortgage Group, LLC. The parties on May 31, 2017, entered into a Mortgage Servicing Rights Purchase and Sale Agreement ("the Agreement"). Under the Agreement, Castle sold and transferred the servicing rights to certain mortgage loans to 360 in exchange for six payments. 360 filed suit in state court against Castle (and LoanCare, which has since been dismissed – *see* Dkt. No. 40) challenging whether a specific loan, the "Vargas Loan," was improperly transferred to 360 from Castle under the Agreement. With Castle's consent, LoanCare removed the suit to federal court on April 23, 2018. Castle now brings this Motion to Compel Arbitration (Dkt. No. 31).

## II.  ANALYSIS

In its motion, Castle states that it asked 360 on October, 16 and 18, 2018, to agree to arbitrate 360's claims against Castle. Castle requested arbitration pursuant to the Agreement, which in Section 12.10 states:

> Any dispute, claim, or controversy arising out of or relating to this Agreement or the breach, termination, enforcement, interpretation, or validity thereof, including the determination of the scope or applicability of this agreement to arbitrate, shall be determined by arbitration in the city of Austin, Texas, before one or three neutral arbitrators . . . [and] shall be administered by the American Arbitration Association ("AAA") pursuant to its arbitration rules & procedures.

Dkt. No. 31-1. Castle states that it was rebuffed by 360. Thus, on October 25, 2018, Castle informed 360 it intended to seek arbitration, on October 26, 2018, it filed its Notice of Arbitration with this Court (Dkt. No. 27), and subsequently filed this motion to compel arbitration. As Castle points out, 360's brief does not address the Agreement between the two parties, the arbitration provision, or whether the claims at the center of the suit are subject to the arbitration provision. Instead, 360 argues that Castle has waived any right to avoid honoring its agreement to produce materials responsive to past due discovery, and asks the Court to compel the production of those documents *before* the case is sent to arbitration. Thus, it moves to compel Castle to immediately produce those documents, and states that "[f]ollowing a review of that document production, 360 Mortgage will consider whether it remains opposed to arbitration." Dkt. No. 32 at 1-2. Castle replies that this is not responsive to its motion, and asks that the Court require the parties to arbitrate their dispute.

### A.    Substantially Invoking the Judicial Process

There is a "strong federal policy in favor of enforcing arbitration agreements." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 217 (1985). However, "[t]he right to arbitrate a dispute, like

all contract rights, is subject to waiver." *Nicholas v. KBR, Inc.*, 565 F.3d 904, 907 (5th Cir. 2009). Thus, "[a] party who has entered into an agreement to arbitrate must insist on this right, lest it be waived." *Janvey v. Alguire*, 847 F.3d 231, 243 (5th Cir. 2017). Although waiver of arbitration is not a favored finding, "[w]aiver will be found when the party seeking arbitration substantially invokes the judicial process to the detriment or prejudice of the other party." *Miller Brewing Co. v. Fort Worth Distrib. Co.*, 781 F.2d 494, 497 (5th Cir. 1986). As the Fifth Circuit has explained:

> A party waives his right to arbitrate when he actively participates in a lawsuit or takes other action inconsistent with that right. When one party reveals a disinclination to resort to arbitration on any phase of suit involving all parties, those parties are prejudiced by being forced to bear the expenses of a trial . . . . Substantially invoking the litigation machinery qualifies as the kind of prejudice . . . that is the essence of waiver.

*Id. See also Janvey*, 847 F.3d at 243. Though a waiver may occur in these circumstances, "[t]here is a strong presumption against finding a waiver of arbitration, and the party claiming that the right to arbitrate has been waived bears a heavy burden." *Republic Ins. Co. v. PAICO Receivables, L.L.C.*, 383 F.3d 341, 344 (5th Cir. 2004)

"A party generally invokes the judicial process by initially pursuing litigation of claims then reversing course and attempting to arbitrate those claims." *Nicholas*, 565 F.3d at 907. As the Fifth Circuit has explained, "[t]o invoke the judicial process, a party must, at the very least, engage in some overt act in court that evinces a desire to resolve the arbitrable dispute through litigation rather than arbitration." *In re Mirant Corp.*, 613 F.3d 584, 589 (5th Cir. 2010) (quotations omitted). Castle did not substantially invoke the judicial process here. Of the 42 docket entries in the case, the vast majority relate to filings made by 360 or LoanCare—the defendant that has since been dismissed. The only actions that Castle has taken in the case have been to consent to removal, file a notice of

3

appearance, seek leave to amend its answer to raise its right to arbitrate, and then move to compel arbitration. Outside of the Court's purview, it appears Castle was served with and responded to discovery requests from 360, and subsequently agreed to produce documents it had said it would produce, but which it had not. These actions are not enough to "substantially invoke" the judicial process. Castle has done nothing that would come close to requesting the Court to address any of the merits of the case. In previous cases, the Fifth Circuit has found that a party seeking arbitration did not substantially invoke the judicial process because it never sought a merits ruling in court but only delayed or raised procedural concerns. *See Gulf Guar. Life Ins. Co. v. Conn. Gen. Life. Ins. Co.*, 304 F.3d 476, 485 (5th Cir. 2002); *Sedco, Inc. v. Petroleos Mexicanos Mexican Nat'l Oil Co.,* 767 F.2d 1140 (5th Cir. 1985). More to the point, when the Fifth Circuit, or district courts within it, have found waiver, far more has taken place before the waiving party requested to send the case to arbitration.[1] Here, it is clear that Castle has not substantially invoked the judicial process.

Further, there is no evidence Castle's delay in seeking arbitration has caused 360 the type of prejudice that would preclude the Court from sending the case to arbitration. "Prejudice in the context of arbitration waiver refers to delay, expense, and damage to a party's legal position," *Nicholas*, 565 F.3d at 910, and the "inherent unfairness . . . that occurs when the party's opponent

---

[1]*Forby v. One Technologies, L.P.*, 909 F.3d 780 (5th Cir. 2018) (finding party substantially invoked the judicial process after pursuing and partially obtaining a dismissal with prejudice); *Precision Builders, Inc. v. Olympic Group, L.L.C.*, 642 Fed.Appx. 395, 400 (5th Cir. 2016) (finding defendants substantially invoked the judicial process by filing a motion to dismiss for improper venue, substantially engaging in discovery, and waiting two-and-a-half- years to move to compel arbitration); *Republic*, 383 F.3d at 345 (finding waiver where the party "answered . . . counterclaims; conducted full-fled discovery, including four depositions; amended its complaint . . . filed the required pretrial materials with the district" as well as "two motions to compel discovery, a motion for summary judgment, and a motion *in limine*"); *HTC Corporation v. Telefonaktiebolaget LM Ericsson*, 2019 WL 277479 (E.D. Tex. Jan. 22, 2019) (Plaintiff substantially invoked the judicial process by waiting until a few weeks before trial to request arbitration).

forces it to litigate an issue and later seeks to arbitrate that same issue." *Republic*, 383 F.3d at 346. The only prejudice 360 points to here is the possibility that Castle will not make good on its promise to produce additional material it has committed to producing, and if that happens, 360 may incur additional costs or expenses to compel that production in the arbitration proceeding. While the Court understands 360's frustration, the time frame in which these issues unfolded is far from egregious. 360 served requests for production on August 21, 2018. Castle responded on October 4, 2018, and served objections and responses while stating that it would provide responsive documents. However, less than two weeks after this response, on October 16, 2018, Castle reached out to 360's counsel and stated its intention to exercise the arbitration clause in the Agreement. As the Fifth Circuit has noted, "when only a minimal amount of discovery has been conducted, which may also be useful for the purpose of arbitration, the court should not ordinarily infer waiver based upon prejudice to the party opposing the motion to stay litigation." *Tenneco Resins, Inc. v. Davy Int'l., AG*, 770 F.2d 416, 421 (5th Cir. 1985); *see also Walker v. J.C. Bradford & Co.*, 938 F.2d 575, 578 (5th Cir. 1991) (finding party opposing waiver was not prejudiced when "[w]hat little discovery was propounded . . . either never was answered . . . or still will be relevant when the suit proceeds in arbitration). 360 does not contend it will be prevented from obtaining the requested documents in the arbitration proceeding, and the AAA Commercial Arbitration Rules—the rules the parties have agreed they will arbitrate under—give the arbitrator the authority to compel a party to produce records. *See* AAA Commercial Arbitration Rules and Mediation Procedures, Rule 22 (available at https://www.adr.org/sites/default/files/CommercialRules_Web_FINAL_1.pdf).

Further, the amount of delay in seeking arbitration was not significant. While Castle certainly delayed in moving to compel arbitration, the Fifth Circuit has held greater periods of delay

to be insufficient to waive arbitration. *Walker*, 938 F.2d at 578 (no waiver where the movant waited thirteen months to move to compel arbitration and the parties had engaged in some discovery); *Tenneco,* 770 F.2d at 416 (no waiver where the movant waited eight months to move to compel arbitration and also participated in discovery). And finally, there is no evidence that Castle tried to "game the system" by seeing how favorable its arguments would be to the district court while at the same time keeping its right to seek arbitration in reserve as backup plan in the event it was unhappy with the district court's rulings. *See In re Mirant Corp.*, 613 F.3d at 590.

In sum, in light of the parties' contractual agreement to arbitrate this dispute, and 360's failure to carry its heavy burden to show that Castle waived its right to arbitrate, the motion to compel arbitration should be granted. With regard to the disposition of the case, Castle requests that the Court stay the case. Dkt. No. 33 at 4. The general rule under the FAA is that when arbitration is ordered, the proceedings are stayed pending arbitration. *See* 9 U.S.C. § 3. The Fifth Circuit, however, has noted that district courts have discretion to dismiss a case in favor of arbitration when all of the issues raised before the district court are arbitrable. *Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 676 (5th Cir. 1999). In fact, it has noted that "[t]he weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992). Because all of 360's claims here are subject to arbitration, the proper exercise of the district court's discretion would be to dismiss the case without prejudice.

### III. RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendants' Motion to Compel Arbitration (Dkt. No. 25), **DENY AS MOOT**

Plaintiff's Motion to Compel (Dkt. No. 32), and **DISMISS** this case without prejudice to either party seeking to confirm whatever arbitration award is entered in the case.

### IV.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 23rd day of May, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE